Argued and submitted October 22, 1993, affirmed January 26, 1994

In the Matter of the Compensation of
Garry D. Smith, Claimant.

## QUALIFIED CONTRACTORS,
*Petitioner,*

*v.*

## Garry D. SMITH,
*Respondent.*

(91-06313; CA A78830)

867 P2d 562

Margaret H. Leek Leiberan argued the cause for petitioner. With her on the brief were Lawrence E. Mann, Leiberan & Gazeley and Wallace & Klor.

Karen M. Werner argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

The only issue in this workers' compensation case concerns the rate of time loss. The Board held that claimant is entitled to benefits for temporary total disability (TTD) calculated based on a seven-day work week and a 12-hour day. Employer contends that there is no substantial evidence to support the Board's decision. We affirm the Board.

The facts are not disputed. Claimant was hired by employer in February, 1989, as a journeyman boilermaker. He did not work continuously; employer would call him when work was available. If he was working on another job when he received a call from employer, he was not expected to quit that job and work for employer. When working on a job for employer, he would work regularly until the job was completed.

Claimant worked regularly for employer from February 27, 1989, through March 30, 1989; from April 3, 1989, through April 8, 1989; from May 18, 1989, through May 21, 1989; from June 26, 1989, through June 29, 1989; from July 11, 1989, through July 15, 1989; and from August 15, 1989, through August 17, 1989. He was injured on August 17. The job that he was on at that time was scheduled to continue for another week and a half. He had been working 12-hour days, seven days per week.

■■ Under ORS 656.210(2), a worker who is regularly employed receives benefits calculated by multiplying the daily wage of the person by the number of days worked per week. Claimant contended before the Board that he was regularly employed, and that his wages should be calculated under the statute. The Board agreed that claimant had been regularly employed. It concluded, however, that because of the extended gaps in claimant's employment, OAR 436-60-020(7) was applicable, and that the parties' intentions would control concerning the calculation of claimant's benefits. The administrative rule provides:

> "For workers employed on call, paid by piece work or with varying hours, shifts or wages, insurers shall use the worker's average weekly earnings for the previous 26 weeks unless periods of extended gaps exist. When such gaps exist, insurers shall use no less than the previous four weeks of

employment to arrive at an average. *For workers employed less than four weeks, or where extended gaps exist within the four weeks, insurers shall also use the intent at the time of hire as confirmed by employer and the worker.*" (Emphasis supplied.)

The Board found, based on information provided by employer on the Form 801 and on claimant's testimony about his work schedule, that it was the parties' intention that when he was working claimant was employed 12 hours a day, seven days a week. The Board calculated claimant's weekly wage by multiplying his average daily wage by seven.

Employer agrees that the administrative rule is applicable and that the parties' intentions control. Employer argues, however, that substantial evidence does not support the Board's finding, because of the substantial gaps in claimant's employment. The Form 801 completed by employer at the time of the injury states that claimant worked 12-hour shifts, seven days a week. Claimant testified that, when he was working, he was expected to work 12-hour shifts, seven days a week. That evidence supports the Board's finding.

Affirmed.